1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10
11  PAUL ANTHONY LYNCH,                    Case No.:  21cv0421 CAB (JLB)
12                          Petitioner,
                                          **ORDER DISMISSING CASE**
13  v.                                    **WITHOUT PREJUDICE**
14  JEFF LYNCH, Warden, et al.,
15                          Respondent.
16
17          On March 9, 2021, Petitioner, a state prisoner proceeding pro se, filed a Petition for
18  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (*See* ECF No. 1.)  On March 12,
19  2021, the Court dismissed it without prejudice for failing to satisfy the filing fee
20  requirement, for failing to use a complete petition form and for failing to submit a petition
21  signed under penalty of perjury.  (*See* ECF No. 2.)  Petitioner was instructed that to proceed
22  with the instant case, Petitioner must submit "(1) either the $5.00 fee or adequate proof of
23  Petitioner's inability to pay the fee and (2) a completed First Amended Petition form signed
24  under penalty of perjury."  (*Id.* at 3.)  On March 26, 2021, Petitioner filed an Amended
25  Petition.  (ECF No. 3.)  Petitioner has not submitted either the required $5.00 filing fee or
26  a request to proceed in forma pauperis.  For the reasons discussed below, the case is again
27  dismissed without prejudice.
28  ///

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has again failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, this case is subject to dismissal without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO COMPLETE FORM**

A Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court of the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. To comply with the Local Rules, petitions must be submitted on a court-approved form and in accordance with the instructions approved by the Court. *Id.*; S.D. Cal. CivLR HC.2(b). While Petitioner has now submitted a petition on the proper form and has signed the Petition under penalty of perjury, Petitioner has failed to complete key portions of the form. Specifically, Rule 2(c) of the Rules Governing Section 2254 Cases requires in relevant part that "[t]he petition must . . . (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested." Rule 2(c)(1)-(3), 28 U.S.C. foll. § 2254.

In the Amended Petition, Petitioner lists one ground for relief, entitled "Violation 5th, 6th, 14 U.S.C. Amendments," and under supporting facts includes a short section entitled "Introduction" which appears to simply recount Petitioner's 2017 arrest, transport to county jail and the filing of a felony complaint. (ECF No. 3 at 6.) While the petition form instructs: "State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground," and: "If necessary, you may attach pages stating additional grounds and/or facts supporting each ground," (*see id.* at 6), Petitioner has not indicated the grounds supporting the alleged Fifth, Sixth and Fourteenth Amendment violations nor has Petitioner outlined the supporting facts.

The prior petition, which again did not use the complete form and was not signed under penalty of perjury, appears to have contained a sole ground for relief entitled

"Ineffective Assistance of Counsel, violation of the 5th, 6th, 14th Amendment, United States Constitution," and similarly started with listing an "Introduction" section under supporting facts. (ECF No. 1 at 6.) Yet, that prior filing also included additional pages outlining facts underlying the ineffective assistance of counsel claim. (*Id.* at 7-26.)

It is unclear whether Petitioner intended to reassert in the Amended Petition the ineffective assistance of counsel claim outlined in the original filing but given the absence of any such indication in the Amended Petition, the Court cannot simply assume this to be the case. Because Petitioner fails to indicate in the Amended Petition the facts underlying the sole claim or the basis for the alleged constitutional violation, the instant case is also subject to dismissal for failure to satisfy this requirement. *See* Rule 2(c)(1)-(2), 28 U.S.C. foll. § 2254; *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## <u>CONCLUSION AND ORDER</u>

The case is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement and failure to submit a complete habeas petition. If Petitioner wishes to proceed with this case, Petitioner must submit, **no later than <u>May 28, 2021</u>**, a copy of this Order along with: (1) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee and (2) a completed Second Amended Petition form that cures the pleading deficiencies outlined above. The Clerk of Court is directed to send Petitioner a blank Southern District of California amended §2254 habeas petition form and in forma pauperis

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

3

application along with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  April 1, 2021

_____

Hon. Cathy Ann Bencivengo
United States District Judge