UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTHONY LYNCH,[1]<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>JEFF LYNCH, Warden, et al.,<br><br>　　　　　　　　　Respondent. | Case No.:  21cv0421 CAB (JLB)<br><br>**(1) ORDER DISMISSING CASE WITHOUT PREJUDICE AND**<br><br>**(2) NOTICE OF OPTIONS DUE TO FAILURE TO EXHAUST STATE COURT REMEDIES** |

On March 9, 2021, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.)  On March 12, 2021, the Court dismissed the case without prejudice for failing to satisfy the filing fee requirement, for failing to use a complete petition form and for failing to submit a petition signed under penalty of perjury. (*See* ECF No. 2.)  Petitioner was instructed that to proceed with the instant case, she must submit "(1) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee and (2) a completed First Amended Petition form signed under penalty of perjury." (*Id.* at 3.)  On March 26, 2021, Petitioner filed an Amended

---

[1] Petitioner indicates: "Ms. Lynch is 'Transgender' and uses female pronouns, request that all parties also use 'female prouns' [sic] (Thank you.)"  (See ECF No. 5 at 13.)  The Court will accommodate Petitioner's request.

1

Petition ("First Amended Petition"), raising one enumerated claim for relief. (ECF No. 3.) On April 1, 2021, the Court dismissed the case for again failing to satisfy the filing fee requirement and for failing to complete the petition form, as she failed to indicate the facts underlying the sole claim listed in the First Amended Petition or the basis for the alleged constitutional violation. (*See* ECF No. 4.) Petitioner was instructed that to proceed with the instant case, she must submit "a copy of this Order along with: (1) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee and (2) a completed Second Amended Petition form that cures the pleading deficiencies outlined above." (*Id.* at 4.) On May 20, 2021, Petitioner filed an Amended Petition ("Second Amended Petition"), listing three enumerated claims for relief. (ECF No. 5.) Petitioner has not submitted either the required $5.00 filing fee or a request to proceed in forma pauperis. For the reasons discussed below, the case is again dismissed without prejudice.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has again failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until she has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, this case is subject to dismissal without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

### **FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS IN PETITION**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.") "A petitioner has satisfied the exhaustion requirement if: (1) [s]he has 'fairly presented' h[er] federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) [s]he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of her federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim [s]he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied h[er] the due process of law guaranteed by the Fourteenth Amendment, [s]he must say so, not only in federal court, but in state court.")

In the instant Second Amended Petition, Petitioner raises three grounds for relief and indicates Ground One was raised in the California Supreme Court. (ECF No. 5 at 6.) Petitioner indicates she did not raise Grounds Two or Three in the California Supreme Court. (*Id.* at 14-15.) Therefore, Petitioner has filed a "mixed" petition, that is, a Petition which presents both exhausted and unexhausted claims. In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a mixed petition is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Id.* at 514-20.

Because Petitioner indicates the Second Amended Petition contains both unexhausted and exhausted claims, the Court notifies Petitioner of the following options.

**i) First Option:  Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that she has in fact exhausted the claims she has indicated are unexhausted. If Petitioner chooses this option,

these papers are due no later than **July 14, 2021.**  Respondent may file a reply by **July 28, 2021.**

### ii) Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss her entire federal petition and return to state court to exhaust the unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss her petition to "return[] to state court to exhaust [her] claims").  If Petitioner chooses this second option, she must file a pleading with this Court no later than **July 14, 2021**.  Respondent may file a reply by **July 28, 2021**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when her conviction became final to file her federal petition, unless she can show that statutory or equitable "tolling" applies.  *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  The statute of limitations does not run while a properly filed state habeas

---

[2] 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  *Duncan*, 533 U.S. at 181-82.

### iii)  Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon her unexhausted claims and proceed with her exhausted one.  See *Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, she must file a pleading with this Court no later than **July 14, 2021**.  Respondent may file a reply by **July 28, 2021**.

Petitioner is cautioned that once she abandons her unexhausted claims she may lose the ability to ever raise them in federal court.  *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while she returns to state court to exhaust her unexhausted claim(s).  There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure she should ask the Court to stay her mixed petition while she returns to state court to exhaust.  Under this procedure she must demonstrate there are arguably meritorious claim(s) which she wishes to return to state court to exhaust, that she is diligently pursuing her state court remedies with respect to those claim(s), and that good cause exists for her failure to timely exhaust her state court remedies.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, she must voluntarily withdraw her unexhausted claim(s), ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while she returns to state court to exhaust, and then seek permission to amend her petition to include the newly exhausted claim(s) after exhaustion is complete.  *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009).  Although under this procedure Petitioner is not required to demonstrate good cause for her failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully-exhausted petition, that is, they must

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

share a "common core of operative facts" with the previously exhausted claim(s). *King*, 564 F.3d at 1141, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005).

If Petitioner chooses this fourth option, she must file a pleading with this Court no later than **July 14, 2021**. Respondent may file a reply by **July 28, 2021**.

## CONCLUSION AND ORDER

The case is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement. If Petitioner wishes to proceed with this case, she must, **no later than July 14, 2021**: (1) pay the $5.00 fee **OR** submit adequate proof of her inability to pay the fee **AND** (2) choose one of the options outlined above. Petitioner is cautioned that if she fails to respond to this Order, the Second Amended Petition will remain dismissed without prejudice. *See Rose*, 455 U.S. at 522.

The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis application along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 27, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge